1
2
3
4
5
6
7
8      UNITED STATES DISTRICT COURT
9      CENTRAL DISTRICT OF CALIFORNIA

10

| Advanced Transit Dynamics, Inc., | Case No. 15-cv-1877-BRO-MAN |
|---|---|
| Plaintiff, | |
| v. | **PROTECTIVE ORDER ENTERED PURSUANT TO STIPULATION OF THE PARTIES** |
| Ridge Corporation, | |
| Defendant. | |

## I.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are expected by the parties to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Information designated under this Protective Order shall be used solely for the purpose of this litigation and not for any other purpose.

## II.    DEFINITIONS

A.     "**Party**": any party to *Advanced Transit Dynamics, Inc. v. Ridge Corporation*, Case No. 15-cv-1877-BRO-MAN, and any parent, subsidiary, or affiliate of a party of this Action, including all their officers, employees,

-1-

consultants, or agents, whose information is produced under this Agreed Protective Order.

      B.    "**Action**": *Advanced Transit Dynamics, Inc. v. Ridge Corporation*, Case No. 15-cv-1877-BRO-MAN.

      C.    "**Disclosure or Discovery Material**": all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

      D.    "**Highly Confidential – Outside Attorney Eyes Only**": sensitive information of the Designating Party (or of a third party to whom the Designating Party owes an obligation of confidentiality), including but not limited to: (1) trade secrets under applicable law; (2) commercial information (such as business plans, business strategies, market plans, market and/or demographic research, market penetration, market share, advertising, negotiations, and license agreements); (3) financial information (such as budgeting, accounting, sales figures, and advertising expenditures); (4) business relationship information (such as information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents); and (5) technical information (such as research and development information, lab notebooks, block diagrams, system level engineering documents, inventor notebooks and/or files, specifications and design documents, manufacturing documents, quality control/quality assurance documents and data, schematics, blueprints, CAD drawings and data, software, information relating the future products, non-public products, and the like), the disclosure of which to another Party or nonparty would create a risk of serious injury to the business or competitive interests of the Designating Party.

      E.    "**Confidential**": any and all non-public or other confidential and/or proprietary information that any Designating Party believes in good faith the

disclosure of which would result in competitive injury, and which is not covered by the definition of "Highly Confidential – Outside Attorneys Only."

F. **"Receiving Party"**: a Party that or who receives Disclosure or Discovery Material from a Designating Party.

G. **"Designating Party"**: a Party or non-Party that or who designates information or items that it produces in disclosures or in responses to discovery as "Highly Confidential – Outside Attorney Eyes Only" and/or "Confidential."

H. **"Protected Material"**: any Disclosure or Discovery Material that is designated as "Highly Confidential – Outside Attorney Eyes Only" or "Confidential."

I. **"Outside Attorney"** or **"Outside Counsel"**: attorneys who are not employees of a Party but are specially retained to represent a Party in this Action and are counsel of record with the Court in this Action.

J. **"Expert"**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been specially retained by a Party or its counsel to serve as an independent expert witness or consultant in this Action.

K. **"Professional Vendors"**: persons or entities who or that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, jury consulting, etc.) and their employees and subcontractors.

**III.    SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above) but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Materials.

**IV.    DESIGNATING PROTECTED MATERIAL**

Documents, information, materials, legal memoranda, expert statements and discovery responses, in whole or in part, may be designated under this Protective Order as follows:

A. The Designating Party shall designate material by placing a legend indicating the appropriate designation, such as "Highly Confidential – Outside Attorney Eyes Only" or "Confidential" on the material.

B. For testimony given in deposition, the parties shall have up to thirty (30) business days after receipt of the transcript to designate testimony as protected under this Agreed Protective Order. All transcripts shall be treated as designated "Highly Confidential – Outside Attorney Eyes Only" until thirty days after such receipt.

C. Transcripts containing Protected Material must be marked with the legend "Highly Confidential – Outside Attorney Eyes Only" or "Confidential," as appropriate, or some similar legend on either the cover of the transcript or the individual pages containing such Protected Material as instructed by the Party or non-party offering or sponsoring the witness and presenting the testimony. If a court reporter fails to properly label any transcript, all parties notified at or after the deposition of the designation are nevertheless bound by the designation provided.

D. For information produced in some form other than documentary, for any other tangible item, and for any documents produced natively, the Designating Party shall affix, in some prominent place on the exterior of the container or containers in which the information or item is stored, the legend "Highly Confidential – Outside Attorney Eyes Only" or "Confidential." If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Outside Attorney Eyes Only."

**V. INADVERTENT FAILURE TO DESIGNATE**

An inadvertent failure to designate qualified information or items as "Highly Confidential – Outside Attorney Eyes Only" or "Confidential" or an inadvertent incorrect designation of "Highly Confidential – Outside Attorney Eyes Only" as "Confidential" does not waive the Designating Party's right to secure protection under this Order for such material.  If material is designated as "Highly Confidential – Outside Attorney Eyes Only" or "Confidential" after the material was initially produced or if the Designating Party amends the designation from "Confidential" to "Highly Confidential – Outside Attorney Eyes Only", the Receiving Party, on timely notification of the re-designation, must make reasonable efforts to ensure that the material is treated in accordance with the provision of this Order.

## VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

A Party that elects to challenge a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with the Designating Party.  In the conferral, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstance, and if no change to the designation is offered, explain the basis for the designation.  A challenging Party may only seek judicial intervention upon completion of this process or upon establishing that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.  A party that elects to press a challenge to a confidentiality designation after considering the Designating Party's justification may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.  The Designating Party shall bear the burden of establishing the propriety of the challenged designation.

**VII. ACCESS TO AND USE OF PROTECTED MATERIAL**

A. Designated Material designated "Highly Confidential – Outside Attorney Eyes Only" or "Confidential" may only be disclosed by the Receiving Party to:

1) Outside Counsel of record for the parties to this Action, as well as partners, counsel, associates, agents, and regularly employed staff and supporting personnel of such counsel to the extent reasonably necessary to render professional services in this Action;

2) Persons who appear on the face of the Designated Material as an author, addressee, or recipient thereof or who otherwise have prior knowledge of the confidential aspects of the contents of the document or thing;

3) The Court and Court personnel (including stenographic reporters) and any necessary law clerk, paralegal, secretarial, clerical, and other court personnel;

4) Subject to Section 8 below, Experts (and employed assistants, secretarial, and clerical staffs of each such Experts) who are not employees of the Receiving Party and who are retained by a party or its attorneys of record in this action to assist in the preparation of the case, such as independent economic, accounting, or scientific experts or technical advisors, and to furnish technical or expert services in connection with this Action; and

5) Professional Vendors.

B. In addition, Designated Materials designated "Confidential" may also be disclosed to four (4) employees of the non-Designating Party who first sign the Undertaking attached as Exhibit A. Any such employees may only use such "Confidential" Designated Materials for the prosecution or defense of this Action and shall not otherwise use or disclose any such "Confidential" Designated Materials.

C. Nothing in this Agreed Protective Order shall preclude or impede Outside Counsel's ability to communicate with or advise their client in connection with this litigation only based on such counsel's review and evaluation of Protected Material, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Material other than as permitted under this Agreed Protective Order.

**VIII. PROCEDURES FOR APPROVING DISCLOSURE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION OR ITEMS TO EXPERTS**

A. Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert, as defined in this Order, any information or item that has been designated "Highly Confidential – Outside Attorney Eyes Only" or "Confidential" first must make a written request and disclosure to the Designating Party that (1) sets forth the full name, business title, business address, and business profession of the Expert, (2) attaches a copy of the Expert's current Curriculum Vitae, (3) identifies any previous or current relationship (personal or professional) with any of the Parties or any entity that either the Receiving Party or Expert has reason to believe is affiliated with either of the Parties, (4) identifies (by name and number of the case, filing date, and location of the court) any litigation in connection with which the Expert has provided any professional services during the preceding four (4) years, and (5) identifies all the companies with which the individual has consulted or been employed within in the last four (4) years. If an Expert is unable or unwilling to provide the information described in parts (4) and (5), the Expert and Party must disclose that information has been withheld and participate in good faith conferrals regarding the nature and technology involved in the withheld disclosures so that the Designating Party is able to ascertain any potential confidentiality concerns. The Party must also serve the Undertaking attached as Exhibit A.

     B.    A Party that makes a request and provides the information specified above may disclose Designated Material to the identified Expert unless, within five (5) business days of delivering the request and disclosures, the Party receives a written objection from the Designating Party. A Party that serves a written objection must set forth the grounds on which it is based.

     C.    A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within five (5) business days of receipt of the objection. If no agreement is reached, the Party seeking to prohibit the disclosure to the Expert may file a motion seeking a protective order from the Court to do so. Such a motion must be filed within five (5) business days of the failure to reach an agreement. If the Party seeking to prohibit disclosure to the Expert fails to file such motion within five (5) business days of the failure to reach such agreement, then the Party's objection to disclosure thereof is waived. The Party seeking to make the disclosure of the subject Designated Material to the Expert shall not disclose the material until the motion is ruled upon by the Court and only if the Court denies the requested relief.

     D.    Notwithstanding the timeline and procedure set forth in paragraphs VIII(B)-(C) above, the Parties agree to work together in good faith to negotiate an expedited expert disclosure and objection procedure for purposes of Plaintiff's Motion for Preliminary Injunction.

**IX.**    **DISCLOSURE OF SOURCE CODE**

The Parties do not currently anticipate a need for disclosure of source code, but agree to negotiate provisions for inspection of source code should the need for disclosure of source code arise.

**X.**    **UNINTENTIONAL DISCLOSURE OF PRIVILEGED INFORMATION**

     A.    Counsel shall employ their best efforts to identify documents or material protected by the attorney-client privilege, work-product doctrine, or any

1  other privilege and/or immunity prior to the disclosure of any such documents or
2  material.

3       B.    If, however, a Designating Party determines it has inadvertently
4  disclosed information that the Designating Party believes is privileged or otherwise
5  immune from discovery, the Designating Party shall in writing notify the Receiving
6  Party of the claim, set forth the basis for the claim, and request that the item or
7  items be returned or destroyed.  If the Designating Party learns of the inadvertent
8  disclosure during a deposition or court proceeding the Designating Party may notify
9  the Receiving Party orally during the relevant proceeding.  If such request is made
10 no Party shall thereafter assert waiver of privilege or immunity with respect to the
11 information.

12      C.    The Receiving Party will, regardless of whether it agrees with or
13 contests the Designating Party's claim of privilege, return or destroy the
14 inadvertently produced documents or material, and all copies and derivations
15 thereof, within five (5) business days of the Receiving Party's receipt of a written
16 request for the return of the documents or material.

17 **XI.    FILING PROTECTED MATERIALS UNDER SEAL**

18      Subject to the Federal Rules of Civil Procedure, the Local Rules, and the
19 Electronic Case Filing ("ECF") Procedures Manual, all pleadings and other papers
20 that are electronically filed with the Court and contain, refer to, or disclose
21 information designated "Highly Confidential – Outside Attorney Eyes Only" or
22 "Confidential" shall be filed with an application to file under seal.  The parties will
23 follow the procedures of Local Rule 5-4.2 and the Pilot Program Instructions to
24 Attorneys--*Procedures for Filing Under Seal Documents* for all documents to be
25 filed with the Court under seal.  **The designation of any information, document,**
26 **or thing as "Confidential," "Highly Confidential – Outside Attorney Eyes**
27 **Only," or other designation(s) used by the parties, does not, in and of itself,**
28 **create any entitlement to file such information, document, or thing, in whole or**

-9-

**in part, under seal. Accordingly, reference to this Protective Order ("Order") or to the parties' designation of any information, document, or thing as "Confidential," "Highly Confidential – Outside Attorney Eyes Only," or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal. In connection with non-dispositive motions, good cause must be shown to support a filing under seal.**

## XII. FINAL DISPOSITION

A. The restrictions on use of Designated Material set forth herein shall survive the conclusion of the litigation and, after conclusion of the litigation, the Court shall exercise jurisdiction for purposes of enforcing this Agreed Protective Order. California law shall govern interpretation and enforcement of this Order.

B. Unless otherwise ordered or agreed to in writing by the Disclosing Party, within sixty (60) days after the final termination of this action, each Party must return or destroy all "Highly Confidential – Outside Attorney Eyes Only" and "Confidential" material and submit a written certification to the Disclosing Party that all such materials have been returned or destroyed. Counsel are entitled to retain copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product even if such material contain Designated Material but the obligations under this Agreed Protective Order will continue for those materials.

## XIII. PROSECUTION BAR

Any attorney or agent who receives or reviews any information or documents designated as "Highly Confidential – Outside Attorney Eyes Only" and/or "Confidential" by any party other than his or her client shall not thereafter prosecute, supervise, or materially assist in the prosecution of any patent application, or otherwise in the amendment of any application and/or patent, related to the technology that is the subject matter of this lawsuit during the pendency of this case and for one year after the conclusion of this litigation. "Prosecution" as

used in this paragraph does not include post-grant review, ex parte reexamination, or *inter partes* review, with the understanding that no "Highly Confidential – Outside Attorney Eyes Only" and/or "Confidential" information of another Party from this litigation shall be used for any of those activities unless so permitted by written agreement of the Parties and a protective order entered in connection with those activities.

## XIV.  THIRD PARTIES

Any non-party shall also be entitled to the rights and protections provided to a Designating Party.  A non-party that produces Disclosure or Discovery Material voluntarily, fails to object to a Party's notice that it will produce non-party confidential information, or that produces Disclosure or Discovery Material pursuant to a subpoena or a court order, may designate such Material in the same manner as a Party (or a Party may make such designation on a non-party's behalf), and shall receive the same level of protection under this Agreed Protective Order as any Party to this lawsuit.  A non-party's use of this Order does not entitle that non-party access to Material designated "Highly Confidential – Outside Attorney Eyes Only" and/or "Confidential" by a Party.

## XV.   EXPERT DISCOVERY

In accordance with Federal Rule of Civil Procedure 26(b), communications and exchanges between counsel and Experts (including testifying Experts), including without limitation those made in preparing drafts of expert reports, are not discoverable unless the Expert relies on any such communication to support his or her opinion.  In addition, draft expert reports are not discoverable. Communications and exchanges between counsel and non-testifying Expert witnesses are also not discoverable.  Neither Party shall seek non-discoverable Expert communications, exchanges, or draft reports.

## XVI. NO WAIVER OF PRIVILEGE

-11-

Nothing in this Agreed Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity, or other privilege, doctrine, right, or immunity. Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding. A Designating Party may assert privilege or protection over produced documents at any time by notifying the receiving party in writing of the assertion of privilege or protection. In addition, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced.

**XVII. MISCELLANEOUS**

A. Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney-in-charge for the Party against whom such waiver will be effective.

B. Nothing in this Order abridges the right of any person to seek modification by the Court or to seek further protective orders.

C. No Party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of the lawsuit, which absent this provision, the Party would have been obligated to so identify on said privilege log. The Parties shall exchange their respective privilege document logs at a time to be agreed upon by the Parties following the production of documents.

D. If at any time documents containing Protected Material are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such

documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents. If the Designating Party does not take steps to prevent disclosure of such documents within ten days of the date written notice is given, the Party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Agreed Protective Order. **Nothing in this Protective Order should be construed as authorizing a Receiving Party in this action to disobey a lawful directive from another court.**

E. By stipulation to the entry of this Agreed Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Agreed Protective Order. Similarly no Party waives any right to object, on any ground, to the admission of any of the material covered by this Order.

F. Ridge does not consent or submit itself to the jurisdiction of this Court. Ridge fully reserve its rights to challenge whether the Court has jurisdiction over Ridge. ATDynamics disagrees and submits that this Court has personal jurisdiction over Ridge for purposes of at least this action.

**IT IS SO ORDERED.**

DATED: August 3, 2015

*Margaret A. Nagle*
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

-13-

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Advanced Transit Dynamics, Inc.,<br><br>        Plaintiff,<br><br>  v.<br><br>Ridge Corporation,<br><br>        Defendant. | Case No. 15-cv-1877-BRO-MAN<br><br>**UNDERTAKING OF [INSERT NAME]** |

    I, _____, state the following under penalties of perjury as provided by law:

    I have been retained by _____ as an expert or consultant in connection with this case. / I am an employee of _____. I will be receiving "Highly Confidential – Outside Attorney Eyes Only" and/or "Confidential" information that is covered by the Court's Protective Order dated _____. I have read the Court's Protective Order and understand that the "Highly Confidential – Outside Attorney Eyes Only" and/or "Confidential" information is provided pursuant to the terms and conditions in that Order. I agree to be bound by the Court's Protective Order.

    I submit to the jurisdiction of the Court that issued the Protective Order for purposes of enforcing that Order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

_____                              _____
Date:                                                      Signature

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____